## HAYDEN a. McDERMOTT.

*New York Common Pleas; Special Term, June,* 1859.

SET-OFF.—POWER OF NEW YORK COMMON PLEAS OVER DOCKETED JUDGMENT OF MARINE AND DISTRICT COURTS.—ATTORNEY'S LIEN.

After filing of transcripts of judgments of the Marine Court and the district courts of the city of New York, in the office of the clerk of the Court of Common Pleas, the latter court have control over such judgments, such as to enable them to order set-off between them.

*It seems,* that an attorney's lien for costs does not extend to preclude a set-off between cross-judgments.

Whether an attorney can acquire a lien on a judgment in the New York Marine Court,—*Query ?*

Motion to set-off two judgments.

The facts are stated in the opinion.

DALY, F. J.—The plaintiffs in the first of these cases, Hayden and Alcott, recovered a judgment against the defendant McDermott, in a justice's court, on the 8th of December, 1858, for $84.85, upon which they issued execution which was returned unsatisfied.

McDermott, the plaintiff in the second case, recovered a judgment against the defendants Hayden and Alcott, in the Marine Court, on the 13th of January, 1850, for $94.64. On the 14th, the day following, he assigned the judgment to John S. Diossy, to whom he was indebted in an amount equal to the judgment, for legal services rendered, and money paid and advanced by Diossy,—Diossy, at the time of the assignment, having knowledge of the existence of the judgment which Hayden and Alcott had recovered against McDermott.

, After the assignment of the second judgment to Diossy, a transcript of it was filed with the county clerk, and on the 15th of May, 1859, an execution was issued in this court, and on the 17th of January, 1859, a transcript of the judgment which Hayden and Alcott recovered against McDermott was filed with the county clerk. Hayden and Alcott now apply to have their judgment set-off against the judgment obtained against them by McDermott, upon their satisfying their judgment, and paying the difference between their judgment and McDermott's, to McDermott or his assignee.

As respects the right of set-off, both judgments, by filing of the transcript, are to be deemed judgments of this court, and I see nothing to prevent the granting of the motion. Several points were made on the argument, but there is nothing in the affidavits to support them. It does not appear by the affidavits that the judgment in the first case was against McDermott and another, but, on the contrary, that the suit was commenced against two defendants, and that judgment was rendered against McDermott alone. Nor does it appear that any levy was made under Hayden and Alcott's judgment. If a levy was made sufficient to satisfy the debt upon a former judgment for the same cause of action, the existence of the former judgment should have been set up as a defence against the second suit; but, though suggested upon the points, nothing of the kind appears by the affidavits.

It does not appear that Diossy had any lien upon the judg-

ment in the Marine Court for costs, even if such a lien could be acquired in that court; and if he had, it would not prevail as against the equitable right to set-off cross-judgments. As assignee, he took subject to Hayden and Alcott's equitable right to set-off their judgment, and with full knowledge of the existence of that judgment; so that, so far as his interest interposes, he has no equitable right, except to the surplus that may remain after the set-off is allowed.

The motion must be granted upon the payment of the excess, when both judgments will be declared to be satisfied.

---

## KOLLE *a.* THE PEOPLE.

*Supreme Court, First District; General Term, June,* 1859.

### TRIAL.—RECEPTION OF EVIDENCE.

On the trial of a prosecution for grand larceny in stealing bank notes, the district attorney was allowed by the court, after the summing up had commenced, to supply evidence of the existence of the bank, and the value of its notes.

*Held,* within the discretion of the judge, and no ground for setting aside a verdict of conviction.

Trials on indictments for public offences are, by 2 Revised Statutes, 735, placed on the same footing with trials on complaints for private wrongs, in respect to the reception of evidence.

Writ of error to the General Sessions of the city and county of New York.

The facts appear in the opinion.

ROOSEVELT, P. J.—The prisoner was convicted in the General Sessions of stealing eight $100 notes of the Mechanics and Manufacturers' Bank of Philadelphia. On the trial, after the case for the prosecution was closed, the prisoner's counsel objected that no proof had been given of the existence of the alleged bank, or the value of its notes, if they had any value; and that his client, on that ground, as matter of law, was en-